# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1267V
Filed: April 9, 2019

| | |
|---|---|
| * * * * * * * * * * * * * | |
| JARMAINE BURKETT, as Natural | * |
| Guardian and Legal Representative of | *  UNPUBLISHED |
| His Minor Daughter, R.G., | * |
| | * |
| Petitioner, | *  Decision on Joint Stipulation; |
| v. | *  Transverse Myelitis ("TM"); Influenza |
| | *  ("Flu") Vaccine |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * | |

*Lawrence R. Cohan, Esq.*, Anapol Weiss, Philadelphia, PA, for petitioner.
*Ryan D. Pyles, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On October 4, 2016, Jarmaine Burkett ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, as natural guardian and legal representative of his minor daughter, R.G.[2] Petitioner alleges that R.G. developed transverse myelitis ("TM") after receiving an influenza ("flu") vaccine on December 2, 2013. Stipulation, filed April 9, 2019, at ¶¶ 1-4. Respondent denies that the aforementioned immunization caused R.G.'s TM or any other injury. Stipulation at ¶ 6.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

Nevertheless, the parties have agreed to settle the case. On April 9, 2019, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

A. **An amount sufficient to purchase the annuity contract described in ¶ 10 of the Stipulation**, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");[3]

B. A lump sum payment of **$1,446.97**, representing compensation for satisfaction of a Commonwealth of Pennsylvania Medicaid lien, payable jointly to petitioner and:

> Commonwealth of Pennsylvania
> Bureau of Program Integrity
> Division of Third Party Liability
> Recovery Section
> (Re: CIS #120162040)
> P.O. Box 8486
> Harrisburg, PA 17105-8486

Petitioner agrees to endorse this payment to the Commonwealth; and

C. A lump sum of **$163,969.00** in the form of a check payable to petitioner, as guardian/conservator of the estate of R.G. This amount represents all remaining compensation for damages that would be available under 42 U.S.C. § 300aa-15(a).[4]

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The Clerk of the Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

> **s/ Mindy Michaels Roth**
> Mindy Michaels Roth
> Special Master

---

[3] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] This sum includes $13,969.00 for future life care plan expenses for the first year following the entry of judgment.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JARMAINE BURKETT, as Natural Guardian and Legal Representative of His Minor Daughter, R.G.,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | No. 16-1267V<br>Special Master Mindy Michaels Roth<br>ECF |

## **STIPULATION**

The parties hereby stipulate to the following matters:

　　1. On behalf of his minor child, R.G., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to R.G.'s receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

　　2. R.G. received the flu vaccine on or about December 2, 2013.

　　3. The vaccine was administered within the United States.

　　4. Petitioner alleges that the flu vaccine caused R.G. to develop transverse myelitis, and that R.G. experienced the residual effects of this injury for more than six months.

　　5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of R.G. as a result of her alleged condition.

6. Respondent denies that the flu vaccine caused R.G.'s alleged transverse myelitis and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");[1]
>
> b. A lump sum payment of **$1,446.97**, representing compensation for satisfaction of a Commonwealth of Pennsylvania Medicaid lien, payable jointly to petitioner and:
>
> > Commonwealth of Pennsylvania
> > Bureau of Program Integrity
> > Division of Third Party Liability
> > Recovery Section
> > (Re: CIS #120162040)
> > P.O. Box 8486
> > Harrisburg, PA 17105-8486.
>
> Petitioner agrees to endorse this payment to the Commonwealth; and
>
> c. A lump sum of **$163,969.00** in the form of a check payable to petitioner, as guardian/conservator of the estate of R.G. This amount represents all remaining compensation for damages that would be available under 42 U.S.C. § 300aa-15(a).[2]

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[2] This sum includes $13,969.00 for future life care plan expenses for the first year following the entry of judgment.

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of R.G., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner, on behalf of R.G., for the following items of compensation:

a. For future medical insurance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,500.00 to be paid up to the anniversary of the date of judgment in year 2068, then

beginning on the anniversary of the date of judgment in year 2068, an annual amount of $3,343.86 to be paid up to the anniversary of the date of judgment in year 2069, then

beginning on the anniversary of the date of judgment in year 2069, an annual amount of $3,405.54 to be paid up to the anniversary of the date of judgment in year 2070, then

beginning on the anniversary of the date of judgment in year 2070, an annual amount of $3,490.26 to be paid up to the anniversary of the date of judgment in year 2071, then

beginning on the anniversary of the date of judgment in year 2071, an annual amount of $3,578.22 to be paid up to the anniversary of the date of judgment in year 2072, then

beginning on the anniversary of the date of judgment in year 2072, an annual amount of $3,647.10 to be paid up to the anniversary of the date of judgment in year 2073, then

beginning on the anniversary of the date of judgment in year 2073, an annual amount of $3,718.02 to be paid up to the anniversary of the date of judgment in year 2074, then

beginning on the anniversary of the date of judgment in year 2074, an annual amount of $3,790.98 to be paid up to the anniversary of the date of judgment in year 2075, then

beginning on the anniversary of the date of judgment in year 2075, an annual amount of $3,866.10 to be paid up to the anniversary of the date of judgment in year 2076, then

beginning on the anniversary of the date of judgment in year 2076, an annual amount of $3,943.26 to be paid up to the anniversary of the date of judgment in year 2077, then

beginning on the anniversary of the date of judgment in year 2077, an annual amount of $4,023.06 to be paid up to the anniversary of the date of judgment in year 2078, then

beginning on the anniversary of the date of judgment in year 2078, an annual amount of $4,105.26 to be paid up to the anniversary of the date of judgment in year 2079, then

beginning on the anniversary of the date of judgment in year 2079, an annual amount of $4,189.74 to be paid up to the anniversary of the date of judgment in year 2080, then

beginning on the anniversary of the date of judgment in year 2080, an annual amount of $4,276.62 to be paid up to the anniversary of the date of judgment in year 2081, then

beginning on the anniversary of the date of judgment in year 2081, an annual amount of $4,366.38 to be paid up to the anniversary of the date of judgment in year 2082, then

beginning on the anniversary of the date of judgment in year 2082, an annual amount of $4,427.94 to be paid up to the anniversary of the date of judgment in year 2083, then

beginning on the anniversary of the date of judgment in year 2083, an annual amount of $4,490.70 to be paid up to the anniversary of the date of judgment in year 2084, then

beginning on the anniversary of the date of judgment in year 2084, an annual amount of $4,555.02 to be paid up to the anniversary of the date of judgment in year 2085, then

beginning on the anniversary of the date of judgment in year 2085, an annual amount of $4,620.18 to be paid up to the anniversary of the date of judgment in year 2086, then

beginning on the anniversary of the date of judgment in year 2086, an annual amount of $4,686.78 to be paid up to the anniversary of the date of judgment in year 2087, then

beginning on the anniversary of the date of judgment in year 2087, an annual amount of $4,754.94 to be paid up to the anniversary of the date of judgment in year 2088, then

beginning on the anniversary of the date of judgment in year 2088, an annual amount of $4,824.18 to be paid for the remainder of R.G.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

      b. For future ancillary services, beginning on the first anniversary of the date of judgment, an annual amount of $276.00 to be paid up to the anniversary of the date of judgment in year 2022; then beginning on the anniversary of the date of judgment in year 2022 an annual amount of $576.00 to be paid up to the anniversary of the date of judgment in year 2068; then beginning on the anniversary of the date of judgment in year 2068 an annual amount of $492.00 to be paid for the remainder of R.G.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

      c. For future medications, beginning on the first anniversary of the date of judgment, an annual amount of $8.23 to be paid for the remainder of R.G.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

      d. For future supplies & equipment, beginning on the first anniversary of the date of judgment, a one-time amount of $665.39; then beginning on the anniversary of the date of judgment in year 2021 an annual amount of $532.72 to be paid up to the anniversary of the date of judgment in year 2026; then beginning on the anniversary of the date of judgment in year 2026, a one-time amount of $561.39; then beginning on the anniversary of the date of judgment in year 2027, an annual amount of $498.05 to be paid up to the anniversary of the date of judgment in year 2068; then beginning on the anniversary of the date of judgment in year 2068, a one-time amount of $1,987.05; then beginning on the anniversary of the date of judgment in year 2069, an annual amount of $746.22 to be paid for the remainder of R.G.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

      e. For future attendant care, beginning on the first anniversary of the date of judgment, an annual amount of $8,825.70 to be paid up to the anniversary of the date of judgment in year 2068; then beginning on the anniversary of the date of judgment in year 2068 an annual amount of $17,651.40 to be paid for the remainder of R.G.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment; and

      f. For future transportation expenses, beginning on the first anniversary of the date of judgment, an annual amount of $705.60 to be paid to the anniversary of the date of judgment in year 2022, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner on behalf of R.G. in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid on behalf of R.G. and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as R.G. is alive at the time that a particular payment is due. Written notice to the

5

Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of R.G.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the guardian/conservator of R.G.'s estate under the laws of the Commonwealth of Pennsylvania. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian/conservator of R.G.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of R.G. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.G. upon submission of written documentation of such appointment to the Secretary.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of R.G. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

17. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and as legal representative of R.G., on behalf of himself, R.G., and R.G.'s heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or

unsuspected personal injuries to or death of R.G. resulting from, or alleged to have resulted from, the flu vaccine administered on or about December 2, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about October 4, 2016, in the United States Court of Federal Claims as petition No. 16-1267V.

18. If R.G. should die prior to entry of the judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused and/or significantly aggravated R.G.'s alleged transverse myelitis and/or any other injury.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representative(s) of R.G.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*[signature: Jarmaine Burkett]*

JARMAINE BURKETT, on behalf of R.G.

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*

LAWRENCE R. COHAN
ANAPOL WEISS
One Logan Square
130 N. 18th St., Ste. 1600
Philadelphia, PA 19103
(215) 790-4567

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*Ward Sorensen for*

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*

RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9847

Dated: April 9, 2019

10