# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1267V
Filed: July 27, 2020

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| JARMAINE BURKETT, *as* | * |
| *Natural Guardian and Legal* | * |
| *Representative of His Minor Daughter,* | * |
| R.G., | *   UNPUBLISHED |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Attorneys' Fees and Costs |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Lawrence R. Cohan*, *Esq.*, Anapol Weiss, Philadelphia, PA, for petitioner.
*Ryan D. Pyles, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On February 12, 2020, petitioner filed a Motion for Reconsideration of the undersigned's Decision Awarding Attorneys' Fees and Costs, issued on January 22, 2020. For the reasons set forth in this Decision, petitioner is awarded total final attorneys' fees and costs of $66,305.56.

### I. Procedural History

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

On October 4, 2016, Jarmaine Burkett ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program on behalf of his minor daughter, R.G..[2] Petitioner alleged that R.G. developed transverse myelitis ("TM") after receiving an influenza ("flu") vaccine on December 2, 2013. *See* Petition, ECF No. 1. On April 9, 2019, the parties filed a stipulation, which the undersigned adopted as her Decision awarding compensation on the same day. ECF No. 44.

On September 16, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 49 ("Fees App."). Petitioner requested total attorneys' fees and costs in the amount of $66,665.56 (representing $30,860.00 in attorneys' fees and $17,969.29 in costs incurred by counsel at Anapol Weiss and $15,689.50 in attorneys' fees and $2,146.77 in costs incurred by former counsel at Ward Black Law).

Respondent responded to the motion on September 16, 2019, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 50. Petitioner did not file a reply thereafter.

On January 22, 2020, the undersigned issued a Decision on Attorneys' Fees and Costs ("Decision"), awarding a total of $66,305.56, comprised of $48,469.29 to counsel at Anapol Weiss and $17,836.27 to former counsel at Ward Black Law. In the Decision, the undersigned reduced the attorneys' fees awarded to counsel at Anapol Weiss by $360.00 because Mr. Lawrence Cohan billed for his work in 2017 at an hourly rate of $420.00 per hour. Decision at 3. The undersigned noted that this rate exceeded what other special masters had previously found to be a reasonable hourly rate for Mr. Cohan's 2017 work and therefore compensated Mr. Cohan's 2017 work at an hourly rate of $400.00. *Id.*

On February 12, 2020, petitioner filed a Motion for Reconsideration under Vaccine Rule 10(e)(1). Petitioner argues that "[a]lthough it has been previously decided in the *Charneco* case that Mr. Cohan's 2017 rate was to remain at $400.00 hourly, more recent Court decisions have granted an increase." Motion for Reconsideration at 1. Therefore, "counsel for Petitioner respectfully requests reconsideration for the reduction of Attorney Lawrence Cohan's 2017 hourly rate." *Id.* at 3.

On February 12, the undersigned withdrew the Attorneys' Fees and Costs Decision issued on January 22, 2020 so that petitioner's Motion for Reconsideration could be entertained. On the same day, respondent filed a response to petitioner's motion. Respondent states that "[t]o the extent petitioner cites two other special master decisions awarding $420.00 per hour for 2017, those decisions are not binding. *See, e.g., Hanlon v. HHS*, 40 Fed. Cl. 625, 630 (1998), *aff'd*, 191 F.3d 1344 (Fed. Cir. 1999). Petitioner therefore has cited no error in the Special Master's Decision, and the Decision should be reissued as originally written." Response at 1-2.

## II. Applicable Law

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

Vaccine Rule 10(e) governs motions for reconsideration. It is within a special master's discretion to grant or deny the motion "in the interest of justice." Vaccine Rule 10(e)(3). Generally, a motion for reconsideration will be granted only upon a demonstration of a "manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992) (quoting *Circle K Corp. v. United States*, 23 Cl. Ct. 659, 664-65 (1991)). The burden is upon the moving party to "show either that: (a) an intervening change in the controlling law has occurred; (b) evidence not previously available has become available; or (c) the motion is necessary to prevent manifest injustice." *Brock v. United States*, 2010 WL 3199837, at *2 (Fed. Cl. July 20, 2010) (citing *Bishop*, 26 Cl. Ct. at 286)).

However, some special masters have construed the "interest of justice" standard articulated in Vaccine Rule 10(e)(3) as a lesser standard than the showing of "manifest injustice" required by RCFC Rule 59(a). *See, e.g., R.K. v. Sec'y of Health and Human Servs.*, No. 03-632V, 2010 WL 5572074, at *5 (Fed. Cl. Spec. Mstr. Nov. 12, 2010). Moreover, Vaccine Rule 10 provides a special master with "significant discretion to determine in a particular case what result is in the interest of justice." *McAllister v. Sec'y of Health and Human Servs.*, No. 03-2476V, 2011 WL 6000606, at *1 (Fed. Cl. Spec. Mstr. Oct. 6, 2011). Additionally, special masters are not required to provide "a detailed order denying every argument for reconsideration." *Doe/17 v. Sec'y of Health and Human Servs.*, 84 Fed. Cl. 691, 704 n.18 (2008).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III. Discussion

**A.     Petitioner's Motion for Reconsideration**

Petitioner's Motion for Reconsideration is ultimately without merit because petitioner has failed to note any error committed by the undersigned. In awarding $400.00 per hour to Mr. Cohan for his work during the year of 2017, the undersigned relied on other cases in which special masters had considered Mr. Cohan's retroactive request to increase his rate but had declined to do so, finding $400.00 per hour to be the more appropriate rate pursuant to *McCulloch*. Petitioner cited to two cases in which Mr. Cohan was awarded $420.00 per hour for work in 2017. However,

3

neither of these cases establish binding precedent which the undersigned is obliged to follow. *Hanlon v. HHS*, 40 Fed. Cl. 625, 630 (1998), *aff'd*, 191 F.3d 1344 (Fed. Cir. 1999). It is well within the undersigned's discretion to determine that $400.00 per hour is a reasonable hourly rate for Mr. Cohan's work. Nowhere in the motion does petitioner argue that the interest of justice requires Mr. Cohan to be awarded $420.00 per hour. Petitioner's motion reflects little more than Mr. Cohan's disagreement of the undersigned's prior ruling and deduction of $360.00 for counsel's retroactive increase of his hourly rate for 2017 because two decisions were issued in which the increase was paid despite others where it was not.[3] For the reasons set forth below, I find those two decisions upon which petitioner relies unpersuasive.

Mr. Cohan's request for an increase of his 2017 hourly rate was first considered in *Bartkus v. Sec'y of Health & Human Servs.*, No., 2019 WL 2067278 (Fed. Cl. Spec. Mstr. Apr. 19, 2019). In *Bartkus*, petitioner requested hourly rates of $430.00 per hour for work performed in 2016 and $440.00 per hour for work performed in 2017. *Id.* at *2. The special master reasoned that Mr. Cohan had previously been awarded $400.00 per hour for work performed in those years "not only because such a rate was deemed reasonable under the standards set forth in *McCulloch*, but because that was the rate at which Mr. Cohan warranted that he billed for his work." *Id.* Because the time billed in *Bartkus* overlapped with time billed in other cases in which Mr. Cohan billed (and was awarded) $400.00 per hour for work in 2017, the special master declined to retroactively increase Mr. Cohan's hourly rate for those years. Mr. Cohan did not appeal this decision.

Mr. Cohan next requested his 2017 rate be increased in *Charneco v. Sec'y of Health & Human Servs.*, No. 17-458V, 2019 WL 3753290 (Fed. Cl. Spec. Mstr. July 18, 2019). In *Charneco*, petitioner sought identical rates to those requested in *Bartkus*. The special master assigned to that case denied a retroactive increase for Mr. Cohan's rates, stating "I agree with the special master's well-reasoned analysis in *Bartkus* and therefore I will reach a similar result here," and further reasoning that "[a]lthough petitioner believes that this rate is stagnate, it is only so because Mr. Cohan failed to request a higher rate at the time he first requested compensation for work performed in those years." *Id.* at *3. Mr. Cohan did not appeal this decision either.

A third decision also ruled that an hourly rate increase to $420.00 per hour for Mr. Cohan was not reasonable because it exceeded what he had previously been awarded, had accepted, and did not appeal. *E.L. v. Sec'y of Health & Human Servs.*, No., 2019 WL 7938524, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2019).

Following the above decisions, two decisions were issued that awarded Mr. Cohan $420.00 per hour for his 2017 work. In *Torres-Ruiz v. Sec'y of Health & Human Servs.*, Mr. Cohan sought $420.00 per hour and the special master simply wrote, in disregard of prior decisions, "the requested rates are consistent with what other special masters have recently awarded." 2019 WL 7209832, at *3 (Fed. Cl. Spec. Mstr. Nov. 13, 2019). Thereafter, in *Mudrack v. Sec'y of Health & Human Servs.*, Mr. Cohan was again awarded $420.00 per hour for his 2017 work, with the assigned special master noting that the "requested rates are consistent with the rates awarded by myself and other special masters." 2020 WL 464607, at *2 (Fed. Cl. Spec. Mstr. Jan. 6, 2020).

---

[3] It is worth reinforcing that petitioner's objection to the undersigned's previous Decision is for $360.00 out of a total of $66,305.56 awarded, or approximately 0.5% of the total award. Such a small reduction likely does not rise to the level of a "manifest error of law."

4

While none of these decisions are binding, the earlier decisions awarding Mr. Cohan $400.00 per hour are certainly more persuasive. Both *Charneco* and *Bartkus* contain reasoned analysis as to why the special master deemed $400.00 a more appropriate hourly rate than the $420.00 requested. By contrast, the *Torres-Ruiz* and *Mudrack* cases simply awarded the requested rates without discussion or analysis and in fact erroneously cited to *Charneco* as having previously awarded that rate when *Charneco* explicitly reaches a determination that $420.00 per hour *was not* a reasonable hourly rate for Mr. Cohan in 2017. Therefore, the persuasiveness of *Torres-Ruiz* and *Mudrack* is lacking when compared to the reasoned analysis and conclusions reached in *Bartkus* and *Charneco*.[4]

In issuing the original ruling on attorneys' fees and costs in this case, the undersigned reduced the fee by $360.00 based on an analysis of prior cases in which Mr. Cohan's 2017 rate was at issue. The undersigned found the reasoned analysis of *Bartkus* and *Charneco* persuasive. Having now been presented with the rulings issued in *Torres-Ruiz* and *Mudrack*, which in the undersigned's opinion were made in error, the undersigned finds the reasonable rate for Mr. Cohan's work in 2017 to be $400.00 per hour.

**B.     Reasonable Attorneys' Fees and Costs**

The undersigned has reviewed the requested hourly rates for the work of petitioner's current counsel at Anapol Weiss and petitioner's former counsel at Ward Black Law, and finds that the requested hourly rates, other than Mr. Cohan's 2017 hourly rate, to be reasonable. Additionally, the overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of **$30,500.00** for work performed by counsel at Anapol Weiss and **$15,689.50** for work performed by counsel at Ward Black Law.

Concerning the requested attorneys' costs, the undersigned has reviewed the application and finds that petitioner has provided adequate documentation to support the costs and that all appear to be reasonable and typical of Vaccine Program litigation.[5] Petitioner is therefore awarded the full amount of attorneys' costs sought.

---

[4] The undersigned notes that in *Torres-Ruiz* and *Mudrack*, rather than filing a detailed response to the Motion for Fees, respondent filed his boilerplate response simply stating he "no longer has sufficient resources to provide detailed objections to requests for attorneys' fees and costs." Response at 3, n.1.  This places an increased burden on the Court of being the sole reviewer of these motions and can lead to occasional oversight of more nuanced issues such as the consistency of hourly rates for petitioner's counsel, as was likely the case in those fees decisions.

[5] In finding this amount reasonable, the undersigned is not reaching a conclusion as to the reasonableness of Dr. Becker's billed hourly rate, but rather that the total amount is reasonable in light of the work product produced and its importance in helping petitioner obtain a favorable outcome. However, counsel is cautioned that Dr. Becker's hourly rate far exceeds that determined to be reasonable in the Program and will be addressed in detail at a later date.

## IV. Conclusion

Based on all the above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested (Anapol Weiss) | $30,860.00 |
| Attorneys' Fees Requested (Ward Black Law) | $15,689.50 |
| (Reduction to Fees) (Anapol Weiss) | - ($360.00) |
| **Attorneys' Fees Awarded (Anapol Weiss)** | **$30,500.00** |
| **Attorneys' Fees Awarded (Ward Black Law)** | **$15,689.50** |
| | |
| **Attorneys' Costs Awarded (Anapol Weiss)** | **$17,969.29** |
| **Attorneys' Costs Awarded (Ward Black Law)** | **$2,146.77** |
| | |
| **Total Amount Awarded (Anapol Weiss)** | **$48,469.29** |
| **Total Amount Awarded (Ward Black Law)** | **$17,836.27** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $48,469.29, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel at Anapol Weiss; and**

2) **A lump sum in the amount of $17,836.27, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel at Ward Black Law.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).